**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

RAPHAEL MANUEL,               )

                                 )

     Plaintiff,             )         CASE NO. 2019-CV-8391

                                 )

v.                          )         JURY TRIAL DEMANDED

                                 )

UNITED STATES OF AMERICA,    )

                                 )

     Defendant.          )

## <u>COMPLAINT</u>

Plaintiff Raphael Manuel, by his undersigned attorneys, respectfully submits the following Complaint pursuant to the Federal Tort Claims Act:

### INTRODUCTION

1.     Plaintiff lost the vision in his right eye as a result of the repeated failure of staff at federal correctional institutions in Morgantown, West Virginia and Big Spring, Texas to provide medical attention and diagnose the retinal tear and detachment that developed in his right eye while he was in their custody. Even after Plaintiff's torn retina was diagnosed and ophthalmologic treatment was prescribed, Plaintiff was denied necessary medical attention for nearly another four months. Although Plaintiff's retinal tear could have easily been remedied had he received timely and appropriate medical treatment, he now cannot see out of his right eye because federal correctional employees would not bother to get him to an eye doctor. Plaintiff attempted to resolve this matter administratively through the Bureau of Prisons, but has not received a determination in the four and a half years since presenting his claim and so must bring this suit.

### PARTIES, JURISDICTION, & VENUE

2.     Plaintiff is and was at all relevant times a resident of this Judicial District, who was in federal custody between 2011 and 2016.

3. The United States of America is named as a Defendant pursuant to 28 U.S.C. § 2674.

4. The Court has jurisdiction pursuant to 28 U.S.C. § 1346(b)(1).

5. Venue is proper pursuant to 28 U.S.C. § 1402(b), because Plaintiff is a resident of this Judicial District.

**BACKGROUND**

6. While in federal custody in 2012 and 2013, Plaintiff developed a retinal tear and detached retina in his right eye – an entirely treatable, yet urgent condition that results in permanent vision loss when left untreated. Without treatment, retinal detachment deprives the retinal cells of oxygen and nourishment and ultimately causes the cells to die.

7. One of the telltale warning signs of retinal detachment is blurred vision, which requires immediate medical evaluation.

8. In 2012 and 2013, Plaintiff repeatedly complained to staff at FCI Morgantown and FCI Big Spring that he was suffering from blurred vision in his right eye, yet did not receive treatment for this condition.

9. Medical records show that on December 16, 2012, Plaintiff complained of blurred vision to a staff doctor at FCI Morgantown and informed the doctor that his blurred vision had been getting worse over the past month. Although the doctor recognized the need for an eye exam, no eye exam was performed. The doctor's notes on this date simply state that he was unable to perform an eye exam.

10. Medical staff at FCI Morgantown later tried to reassure Plaintiff by telling him his blurred vision was probably the result of a cataract, a far less urgent condition than a retinal tear or detachment.

11. After being transferred to FCI Big Spring, records show that Plaintiff was seen by a staff doctor on February 28, 2013 and again complained of blurred vision. The doctor's notes indicate that Plaintiff was scheduled for a retinal examination one month later on March 29, 2013, but the examination was never performed.

12. On March 28, 2013, Plaintiff was seen again by the staff doctor, but the doctors' notes say nothing about Plaintiff's eye.

13. Although he continued to complain of blurred and reduced vision, Plaintiff was not seen by a doctor again until June 21, 2013 when he was finally diagnosed with a retinal tear. The doctor's notes on this date indicate that the doctor recognized the need for further ophthalmologic examination: "SEEN BY OPTOMETRY, NEEDS OPTHALMOLOGY EVAL. PLEASE SEE EVAL…HE HAS HX RETINAL TEAR."

14. Again, however, Plaintiff was not provided the ophthalmologic treatment Defendants own staff doctors had prescribed.

15. Although time was of the essence to save Plaintiff's vision, Plaintiff was not seen by an ophthalmologist or any other doctor until nearly four months later in October 2013. By then, Plaintiff's retina had deteriorated to the point that his vision could no longer be saved.

16. When Plaintiff was eventually seen by an ophthalmologist in October 2013, Plaintiff underwent multiple eye surgeries in a last ditch effort to save his vision. Plaintiff underwent a scleral buckling procedure and retinal cryopexy On October 21, 2013; a pars plana vitrectomy, injection of silicone oil, and endolaser photcoagulation on October 28, 2013; and a procedure to remove silicone oil on April 28, 2014.

17. Unfortunately, the procedures had no effect and Plaintiff remains without vision in his right eye. Had employees of FCI Morgantown and FCI Big Spring diagnosed Plaintiff's

condition and/or provided recommended medical treatment earlier, Plaintiff's retina could have been repaired and his vision saved.

18. Plaintiff presented an administrative claim for damages to the Bureau of Prisons on April 3, 2015, but the Bureau of Prisons has not provided him with a determination in the four and a half years since.

## COUNT I – FAILURE TO PROVIDE MEDICAL ATTENTION

19. Plaintiff realleges and incorporates Paragraphs 1 through 18 as though fully set forth herein.

20. FCI Morgantown and FCI Big Spring, acting through their employees, had a duty to provide timely medical attention to Plaintiff while he was in custody.

21. Employees of FCI Morgantown and FCI Big Spring breached this duty of care, including by failing to provide Plaintiff the medical attention and treatment that had been prescribed by their own doctors and getting Plaintiff to see an ophthalmologist after the need for ophthalmologic treatment had been recognized.

22. As a proximate result of these negligent acts and omissions, Plaintiff did not receive medical attention in time to save his vision and suffered substantial and permanent injury, including lost vision, permanent disability and disfigurement, lost earning capacity, pain and suffering, and mental and emotional distress.

## COUNT II – MEDICAL MALPRACTICE

23. Plaintiff realleges and incorporates Paragraphs 1 through 18 as though fully set forth herein.

24. Medical Personnel at FCI Morgantown and FCI Big Spring breached the medical standard of care owed to Plaintiff, including by failing to evaluate or examine Plaintiff's eye for a

retinal tear or detachment when he reported blurred vision, failing to timely diagnose Plaintiff's retinal tear and detachment, and failing to ensure that Plaintiff received timely ophthalmologic treatment after recognizing the need for such treatment.

25. As a proximate result of these negligent acts and omissions, Plaintiff did not receive a diagnosis or treatment in time to save his vision and suffered substantial and permanent injury, including lost vision, permanent disability and disfigurement, lost earning capacity, pain and suffering, and mental and emotional distress.

**WHEREFORE**, Plaintiff Raphael Manuel respectfully requests that the Court enter judgment in his favor and against Defendant United States of America, awarding Plaintiff compensatory damages, including for lost vision, permanent disability and disfigurement, lost earning capacity, pain and suffering, and mental and emotional distress; costs; and such other and further relief that the Court deems just.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

DATE:  December 22, 2019                    Respectfully Submitted,

                                           RAPHAEL MANUEL

                                           By: /s/ Marko Duric

                                           Robert Robertson
                                           Marko Duric
                                           ROBERTSON DURIC
                                           One North LaSalle, Suite 300
                                           Chicago, Illinois 60602
                                           (312) 223-8600
                                           marko@robertsonduric.com
                                           rob@robertsonduric.com